UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**   **CASE NO. 6:18-CR-00186-02**

**VERSUS**   **JUDGE ZAINEY**

**DERRICK DAVIS (02)**   **MAGISTRATE JUDGE HANNA**

## MEMORANDUM ORDER

Currently pending is a Motion to Reconsider Detention Order and Grant Defendant Pre-trial Release, filed by Defendant Derrick Davis (02). [Rec. Doc. 166]. The Government opposes the motion. [Rec. Doc. 172]. For the following reasons, the motion is DENIED.

On July 13, 2018, a federal grand jury in the Western District of Louisiana charged Davis and eight others with crimes including drug trafficking conspiracy, controlled substance and firearm offenses.[1] Specifically, Davis was charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, from on or about January 1, 2017 until on or about December 31, 2017 (Count 1); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 5); and use

---

[1] Davis' eight co-defendants include: Ransom White (01), Johnathan Breaux (03), Robert Nelson (04), Tawanna Thomas (05), Orlando Lewis (06), Kiana Lewis (07), Brittney McGee (08), and Brellon George (09).

of a communication facility in causing or facilitating a drug trafficking crime, in violation of 21 U.S.C. § 843(b) (Count 7). Davis is also named in the related forfeiture allegations, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Davis was arrested and made an initial appearance on July 18, 2018, at which time he was arraigned, moved for and was granted appointed counsel, and was remanded to the custody of the U.S. Marshal Service pending a detention hearing.[2] On the Government's motion, a detention hearing was held on July 20, 2018, at the outset of which the undersigned and all counsel recognized the applicable presumption in favor of detention; the undersigned took judicial notice of Davis' pretrial services report; and testimony was received from both the Government's case agent, as well as Davis' girlfriend and grandmother, as potential third party custodians.[3] At the conclusion of the detention hearing, pursuant to 18 U.S.C. § 3142(e), the undersigned found that Davis failed to rebut the presumption of detention under 18 U.S.C. § 3142(e)(3)(A), and he was detained pending trial.[4] In addition to the findings made on the record, discussed in more detail below, the undersigned included the following additional reasons for detention: the weight of

---

[2] Rec. Docs. 45, 46, 47, 48, and 50.
[3] Rec. Docs. 45, 49, 54, 55 (witness list), and 166, p. 2, ¶ 3. It appears that Davis' motion refers to witness Christine Williams as his grandmother; however, the undersigned notes that, per Ms. Williams' testimony, she is more accurately referred to as his great aunt, as she testified that Davis' mother was her niece.
[4] Rec. Doc. 56.

the evidence against Davis is strong; he is subject to a lengthy period of incarceration if convicted; his prior criminal history; his history of violence and use of weapons; his history of alcohol or substance abuse; his lack of stable employment; and the fact that he participated in criminal activity while on probation, parole or supervision.[5]

On October 24, 2018, Davis filed the instant motion to reconsider the detention order and grant Davis pre-trial release.[6] In support of his motion, Davis asserts that: additional third-party custodians, who were unavailable on July 20, 2018, are now available, willing and capable to serve in that capacity; he can provide proof of past employment and is hopeful for employment upon release; and he has other strong contacts to family and the community, which will reasonably assure his appearance as required.[7] Included in the Government's response to the instant motion is a detailed summary of Davis' significant criminal history, from 2002 until the present charges, which as noted during the hearing, includes convictions for violent offenses and prior violations of probation, parole or supervised release.[8]

As acknowledged by the Government, there is some confusion as to the basis for the motion. On one hand, the motion is captioned as one for reconsideration of the undersigned's detention order, relying upon claims of newly discovered

---

[5] *Id*. at pp. 2-3; *see also* 18 U.S.C. § 3142(g) (listing the factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community).
[6] Rec. Doc. 166.
[7] Rec. Doc. 166, p. 2, ¶¶ 4-6.
[8] Rec. Doc. 172, pp. 2-4.

evidence, which falls under 18 U.S.C. § 3142(f); on the other hand, Davis invokes 18 U.S.C. § 3145(b), which would allow him to "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."[9] Because the substance of the motion necessarily asks that the Court consider new or additional evidence in reconsideration of the detention order, the undersigned construes the motion as one arising under 18 U.S.C. § 3142(f)(2)(B) and denies the motion for the following reasons.

During the detention hearing, the Government presented one witness, Lafayette Police Officer Jason Herpin, who is assigned to the Lafayette Metro Narcotics Task Force and serves as a case agent herein, while Davis presented three witnesses, Christine Williams, Iesha Clark, and Jerome Williams, who are Davis' great aunt, girlfriend, and uncle, respectively. Ms. Williams, with whom Mr. Williams resides, and Ms. Clark testified as potential third-party custodians.[10]

Officer Herpin first testified regarding the overall conspiracy charged in this case. In connection with the investigation which led to this indictment, several individuals, some who were separately indicted and pled guilty and others who were not indicted, have cooperated with the Government. One of those individuals is Darius Jennings, whose cellphone was the subject of a wiretap, which led to

---

[9] Rec. Doc. 166, p. 1 (citing 18 U.S.C. § 3145(b)).
[10] Rec. Doc. 55.

incriminating information regarding the defendants charged herein, including Davis. Through the investigation, law enforcement learned that Ransom White, one of Davis' co-defendants, was supplying methamphetamine to a network of individuals, including Jennings. White was using vegetable cans to conceal the methamphetamine, which was described on wiretaps as "glass," "meth," "ice" or "dope." Each can contained one pound of methamphetamine, which was sold for approximately $4,500 per pound, or $350-$475 per ounce. Jennings would then supply the methamphetamine to Davis and others, at a rate of approximately one pound per week.

Officer Herpin further testified that, on August 30, 2017, Davis was the subject of a traffic stop by the Crowley Police Department, at which time Davis was found to be in possession of a firearm, as well as marijuana and promethazine. Davis responded by acknowledging that the gun and drugs were his and further cooperated with law enforcement regarding his involvement in methamphetamine trafficking. Davis stated that Darius Jennings supplied him with approximately one pound of methamphetamine each week, which was consistent with the above information obtained directly from Jennings. Officer Herpin confirmed that Counts 1, 5 and 7, in which Davis is named in the instant indictment, relate to his involvement in the drug trafficking conspiracy, his possession of the gun on August 30, 2017, and a wiretapped conversation of Davis asking Jennings for methamphetamine,

respectively. Finally, Officer Herpin testified that Davis also cooperated with law enforcement regarding his own involvement in this conspiracy, as well as the involvement of White and other participants herein.

At the close of all testimony, the undersigned heard argument from counsel. The Government stressed the presumption in favor of detention; the significant evidence of Davis' guilt on the underlying charges; Davis' confession to the crimes charged herein, corroborated by evidence and statements of other cooperating witnesses; and Davis' significant and lengthy criminal history, including violence and drug trafficking, as well as his proven inability to be properly supervised on probation. As to the potential third-party custodians, the Government emphasized their inability to prevent or intercede in Davis' past criminal conduct and further noted that Ms. Clark testified to being present for criminal activity charged herein, as the driver of the vehicle in which Davis was stopped and found to be in possession of a gun and drugs on August 30, 2017. In response, Davis relied upon the presumption of innocence as to the crimes charged in this indictment and the lack of substantive evidence of his guilt introduced during the detention hearing; minimized the details of his criminal history; and pointed out that he turned himself in, indicating his ability to be supervised on pretrial release. Davis further stressed that the proposed third-party custodians testified to their willingness to properly supervise Davis and report any failures to abide by the Court's conditions.

In consideration of the pretrial services report, testimony, and arguments of counsel, the undersigned found that, pursuant to 18 U.S.C. § 3142(e)(3)(A), Davis failed to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community, given the nature of the offenses with which he is charged, namely offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. The undersigned analyzed the factors set forth in § 3142(g), as follows. First, as to the nature and circumstances of the offense charged, Davis is charged with offenses involving significant amounts of controlled substances and was also found to be in possession of a gun, such that the first factor weighed in favor of detention. Second, as to the weight of the evidence against Davis, in light of his statements to law enforcement as corroborated by other evidence and witness statements, this factor weighed in favor of detention. Third, as to Davis' history and characteristics, the undersigned found that Davis has an extensive criminal history, including violence and a history of substance abuse, and little, if any, employment history, all of which weighed in favor of detention. Fourth, it was noted that Davis also has prior violations of probation, parole or supervised release, which weighed in favor of detention. And, finally, the undersigned acknowledged his strong belief that Davis presents a very serious danger to the community, given the people with whom he associates, and found that no proposed

custodian would be satisfactory. Accordingly, Davis was ordered detained pending trial.

> Pursuant to 18 U.S.C. § 3142(f)(2)(B), a detention hearing
>
> may be re-opened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.[11]

As recognized above, Davis asserts that the following information now exists: additional third-party custodians, who were unavailable on July 20, 2018, are now available; he can provide proof of past employment and is hopeful for employment upon release; and other strong contacts to family and the community will reasonably assure Davis' appearance as required.[12] Contrary to Davis' implied assertions, even if this Court were to assume that Davis could support each of these claims, this "new information" would not have a material bearing on this Court's decision to detain Davis for all of the reasons stated at the conclusion of the hearing and summarized above. Given that each factor in § 3142(g) weighs heavily in favor of detention, this Court finds that there are no conditions of release which would reasonably assure the safety of others if Davis was granted pretrial release. Because Davis cannot rebut

---

[11] 18 U.S.C. § 3142(f)(2)(B).
[12] Rec. Doc. 166, p. 2, ¶¶ 4-6.

the presumption of detention under 18 U.S.C. § 3142(e)(3)(A), the motion [Rec. Doc. 166] is DENIED.

Signed in Lafayette, Louisiana, this 15th day of November, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE